Dear Representative Green:
You requested an opinion from this office on the following questions:
 1. In the absence of a cooperative agreement between a sheriff acting in his own capacity or as the ex-officio chief executive officer of a law enforcement district and a parish or municipal governing authority authorizing a sheriff or law enforcement district to acquire, construct and maintain a prison, correctional facility or a juvenile detention facility, can a sheriff or law enforcement district expend public funds to acquire, construct and maintain a prison, correctional facility, or a juvenile detention facility?
 2. Should voters decide to allow a sheriff or law enforcement district to collect a half cent of sales tax funds to acquire, construct and maintain a prison, correctional facility or a juvenile detention facility, to what extent will the sheriff or law enforcement district have use of and access to such sales tax funds for other purposes if a court declares that the sheriff and law enforcement district does not have the authority to acquire, construct and maintain a prison, correctional facility, or a juvenile detention facility?
In answer to your first question, R.S. 33:1422(D) states in pertinent part as follows:
 ". . . a sheriff and ex-officio tax collector may purchase and equip such real property as is necessary in the performance of his duties, including but not limited to an adequate and safe jail. The ownership of such real property shall be vested in the law enforcement district."
Law enforcement districts, created pursuant to R.S. 33:9001, et seq., have the authority to issue general obligation bonds or certificates of indebtedness, revenue bonds and sales tax revenue bonds, all in accordance with applicable Louisiana law. The general obligation bonds can be issued in order to acquire, construct, reconstruct, renovate, improve, replace, maintain, repair, extend, enlarge, lease purchase or equip such immovable or movable property which may be of use or benefit to the district or to the applicable sheriff.
The revenue bonds can be issued to obtain funds to acquire, construct, etc., such immovable or movable property, including but not limited to jails, administration or office buildings, maintenance, storage, or utility facilities, or any other facility, building, structure, equipment, or furnishings which may be of use or benefit to the district or to the applicable sheriff.
Thus, clearly a law enforcement district is empowered to expend public funds in the absence of a cooperative agreement with a parish or municipal governing authority, to acquire, construct and maintain a prison, correctional facility, or a juvenile detention facility, but only in accordance with law. The Sheriff, however, cannot own immovable property, only the law enforcement district has that power.
In answer to your second question, tax revenues obtained from a special tax must be used for no other purpose than that stated in the proposition submitted to and approved by the electorate. Watkins v. Ouachita Parish School Board, 173 La. 259,136 So. 591 (1931); Hodnett v. Monroe City School Board, 270 So.2d 598
(La.App. 2d. Cir. 1972).
Thus, for example, if the tax proposition states that the tax proceeds are to be used for operation and maintenance of a jail facility, the tax proceeds could not be used to construct a jail facility.
As to challenging the tax, please be advised that the Constitution limits the time within which a challenge may be filed. Article VI, Section 35(A) states:
 "(A) Contesting Election; Time Limit. For sixty days after promulgation of the result of an election held to incur or assume debt, issue bonds, or levy a tax, any person in interest may contest the legality of the election, the bond issue provided for, or the tax authorized, for any cause. After that time no one shall have any cause or right of action to contest the regularity formality, or legality of the election, tax provisions, or bond authorization, for any cause whatsoever. If the validity of any election, tax debt assumption, or bond issue authorized or provided for is not raised within the sixty days, the authority to incur or assume debt, levy the tax, or issue the bonds, the legality thereof, and the taxes and other revenues necessary to pay the same shall be conclusively presumed to be valid, and no court shall have authority to inquire into such matters."
The Election Code, Title 18 of the Revised Statutes, also contains provisions relating to contesting elections.
The Constitution also provides a peremption period in which a suit may be filed to contest an ordinance or resolution authorizing the issuance of bonds, with Article VI, § 35(B) stating in pertinent part:
 "(B) Contesting Ordinance or Resolution; Time Limit. Every ordinance or resolution authorizing the issuance of bonds or other debt obligation by a political subdivision shall be published at least once in the official journal of the political subdivision or if there is none, in a newspaper having general circulation therein. For thirty days after the date of publication, any person in interest may contest the legality of the ordinance or resolution and of any provision therein made for the security and payment of the bonds. After that time, no one shall have any cause of action to test the regularity, formality, legality, or effectiveness of the ordinance or resolution, and provisions thereof for any cause whatever. Thereafter, it shall be conclusively presumed that every legal requirement for the issuance of the bonds or other debt obligation, including all things pertaining to the election, if any, at which the bonds or other debt obligation were authorized, has been complied with. No court shall have authority to inquire into any of these matters after the thirty days.
Of course, any suit contesting the issuance of the bonds must be filed pursuant to the Bond Validation Act, R.S. 13:5121, et seq.
In the instant case, if the sales tax is passed by the voters and a challenge is brought and the court rules that the tax proceeds cannot be used for the purposes stated in the tax proposition, but the court does not invalidate the tax, the sheriff/law enforcement district would have the option of not levying the tax or the sheriff/law enforcement district could go back to the voters for approval to use the tax proceeds for other, acceptable purposes.
Trusting this adequately responds to your request, I remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General
RPI/MSH/jav